## MILLER v. BRITTEN.

(Supreme Court, Appellate Term, First Department.   May 26, 1916.)

DAMAGES ⊜130(1)—PERSONAL INJURIES—MEASURE OF DAMAGES.

Where the only evidence as to her injuries was plaintiff's testimony that her head, her knees, her chest, and her side were hurt, and no detailed statement of the injuries was made, and the physician who attended her was not called, an award of $250 is excessive by $100.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 357, 363, 364, 366, 370; Dec. Dig. ⊜130(1).]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Tillie Miller against James Britten. From a judgment for plaintiff, defendant appeals. Reversed and remanded, unless plaintiff enter remittitur, and then be affirmed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Harold M. Phillips, of New York City, for appellant.

Cohen, Haas & Schimmel, of New York City (Isidore Cohen, of New York City, of counsel), for respondent.

GUY, J.   Plaintiff sued for personal injuries alleged to have been received by falling over a defective oilcloth, on the floor of a hall in a building owned by the defendant. She has recovered a judgment for the sum of $250. The judgment is attacked upon two grounds: First, that it is excessive; and, second, that the plaintiff failed to establish her case by a preponderance of evidence. As to the last claim there is no merit.

The question as to whether or not there was a hole in the oilcloth, which concededly it was the duty of the defendant to keep in repair was purely one of fact, and the plaintiff's testimony as to its defective condition was corroborated by her husband and his mother, while

three of the four witnesses called by the defendant merely stated that they had not "noticed" the oilcloth in passing over it. We think, however, that the judgment was excessive. The plaintiff testified that she was visiting her mother when she fell in passing through the hall on her way to the mother's rooms. She says she was hurt "on my head, my two knees, and my forehead;" and again she said, "My head, my two knees, my chest, my breast, and my side was hurt." The nature or extent of these injuries was not stated in any instance, either by her husband or her mother, at whose house she says she remained for two weeks after the accident. She testified she was treated every day by a physician, who "gave me medicine and he gave me stuff to rub in"; but what other treatment she received, if any, does not appear. The physician was not called, nor any reason given for not producing him, nor was it shown how much, if anything, was paid for his services.

Judgment reversed, and a new trial ordered, with $30 costs to the appellant to abide the event, unless the plaintiff will stipulate, within five days after entry of the judgment hereon in the Municipal Court and notice of entry, to reduce the judgment to the sum of $150 and appropriate costs in the court below, in which event the judgment, as so modified, is affirmed, without costs of this appeal. In the event of a new trial, the only issue to be tried is the extent of the plaintiff's injuries and the damages incident thereto. All concur.